UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILHELM STRAUBE,<br><br>         Petitioner,<br> vs.<br><br>MICHAEL CHERTOFF, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>         Respondents. | CASE NO. 07 CV 1751 JM (NLS)<br><br>**ORDER DENYING MOTION TO AMEND JUDGMENT AND SUA SPONTE AMENDING IN PART** |

   Petitioner Wilhelm Straube, a Guatemalan native, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his federal detention. On May 14, 2008, the court granted the petition in part and ordered Respondents to provide Petitioner with a bail hearing within 60 days before an Immigration Judge ("IJ") with the power to grant him bail unless the government established that he was a flight risk or would be a danger to the community. (Doc. no 13 (the "May 14, 2008, Order").)[1] On May 16, 2008, Petitioner filed a motion to amend the May 14, 2008, Order. Respondents oppose the motion. The court took the motion under submission on June 20, 2008. On July 30, 2008, the court requested further briefing addressing the impact on Petitioner's motion of Prieto-Romero v. Clark, 2008 U.S. App. LEXIS 15934 (9th Cir. Jul. 25, 2008), and Casas-Castrillon

---

   [1]The IJ held a bail hearing on June 5, 2008. (See Petr.'s Jun. 17, 2008, Supp. Br., Appendix (Decision of IJ).) On June 16, 2008, the IJ ordered that Petitioner be released on a $25,000 bond, and upon satisfaction of further conditions. (See id. at 10-11.)

v. Lockyer, 2008 U.S. App. LEXIS 15966 (9th Cir. Jul. 25, 2008).  (Doc. no. 19.)  Both parties submitted supplemental briefs pursuant to the court's request.  For the reasons set forth below, the court hereby **DENIES** the motion to amend, and sua sponte **AMENDS** in part.

## I.     BACKGROUND

Petitioner unlawfully entered the United States in 1976.  (See Return, Exhs. at 2 (Order to Show Cause dated Oct. 19, 1988).)  On October 20, 1987, he was convicted of three counts of burglary and sentenced to six years in prison.  (See id. at 1.)  On August 24, 1995, he was convicted of unlawful taking of a vehicle.  (See id. at 14.)  On June 9, 1998, he was convicted of petty theft with a prior and sentenced to six years in prison.  (See id. at 7-13.)  Respondents took Petitioner into custody on January 26, 2004, upon his release from prison.  Petitioner remains in their custody.

On July 22, 2004, an immigration judge ("IJ") ordered Petitioner deported to Guatemala and rejected Petitioner's request for asylum and withholding or removal.  On January 13, 2005, the Board of Immigration Appeals ("BIA") denied Petitioner's appeal as untimely.  On February 3, 2005, Petitioner filed a timely appeal in the Ninth Circuit.  See Straube v. Mukasey, No. 05-70573 (9th Cir. filed Feb. 3, 2005).  The court consolidated this appeal with another petition for review, see Straube v. Mukasey, No. 05-73317 (9th Cir. filed Jun. 6, 2005), and granted Petitioner's motion to stay deportation.  After conducting oral argument on August 7, 2007, the court deferred submission of the appeal and allowed the parties to seek re-opening of the case in the BIA.  On October 1, 2007, The IJ granted the parties' joint motion to reopen and reissued its decision, enabling Petitioner to file a timely appeal with the BIA.  (See Mot., Exh. A at 1, 3 (BIA Appeal Order dated Apr. 15, 2008).)  The BIA dismissed Petitioner's timely appeal on April 15, 2008.  (See id. at 1-2.)  The appeal in Case No. 05-70573 is now in abeyance.

## II.    DISCUSSION

### A.    Legal Standards

Reconsideration under Federal Rule of Civil Procedure ("FRCP") 59(e) is proper when the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  Highly unusual

1  circumstances also warrant reconsideration. Id. "A Rule 59(e) motion may not be used to raise
2  arguments or present evidence for the first time when they could reasonably have been raised earlier
3  in the litigation." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). Accordingly, "[a] district
4  court has discretion to decline to consider an issue raised for the first time in a motion for
5  reconsideration." Novato Fire Protection Dist. v. United States, 181 F.3d 1135, 1142 n.6 (9th Cir.
6  1999).

7  Rule 60(b) also provides that a court may grant reconsideration on the grounds of, inter alia,
8  "mistake, inadvertence, surprise, or excusable neglect." FRCP 60(b)(1). The "mistake" component
9  of Rule 60(b)(1) allows a court to correct its own error of law sua sponte. See Kingsvision Pay-Per-
10 View v. Lake Alice Bar, 168 F.3d 347, 350 (9th Cir. 1999).

11 **B.     Authority to Order Bail Hearing**

12 Petitioner argues that the court committed clear error because "it is procedurally improper for
13 this Court to delegate the inquiry on scope of relief to the IJ and that it is preferable, if necessary, to
14 refer this matter to a neutral, non-party adjudicator, such as the Magistrate Judge, for determination
15 of the precise remedy to be accorded Petitioner." (Mot. at 1.) He initially contended and still
16 maintains that the applicable federal regulations and statutes do not authorize a bail hearing conducted
17 by an IJ.

18 A complicated statutory framework governs detention cases. See Prieto-Romero, 2008 U.S.
19 App. LEXIS 15934, at *6. Several provisions within this framework authorize the Attorney General
20 to detain aliens. Under 8 U.S.C. § 1226(a), the Attorney General "may" arrest and detain an alien
21 "pending a decision on whether the alien is to be removed from the United States." Under 8 U.S.C.
22 § 1226(c), the Attorney General "shall" take into custody certain categories of criminal aliens.
23 Furthermore, under 8 U.S.C. § 1231(a), the Attorney General "shall" detain an alien "[d]uring the
24 removal period," 8 U.S.C. § 1231(a)(2), and "may" detain inadmissible or criminal aliens "beyond the
25 removal period," 8 U.S.C. § 1231(a)(6).

26 In Prieto-Romero, the Ninth Circuit held that § 1226(a) provides "authority to detain an alien
27 whose removal order is administratively final, but whose removal has been stayed by a court of
28 appeals pending its disposition of his petition for review." Prieto-Romero, 2008 U.S. App. LEXIS

1  15934, at *11. Petitioner falls into this category of aliens whose removal orders are "administratively
2  – but not judicially – final." Id. at *13. Although this court did not rely on the same line of reasoning
3  in determining that § 1226(a)(1) provides the authority for Petitioner's detention (see May 14, 2008,
4  Order at 4), Prieto-Romero provides further support for the court's earlier conclusion. See also Casas-
5  Castrillon, 2008 U.S. App. LEXIS 15966, at *13 (following Prieto-Romero in holding that § 1226(a)
6  authorizes "prolonged detention of aliens awaiting judicial review of their removal orders").

7        The Ninth Circuit has further held, both explicitly and implicitly, that courts have the authority
8  to remedy prolonged detention under § 1226(a) by ordering the government to provide an
9  individualized bond hearing before an IJ. The court first authorized this remedy for an alien
10 mandatorily detained under § 1226(c). See Tijani v. Willis, 430 F.3d 1241, 1242 (9th Cir. 2005). The
11 Tijani court held that the detention lasting two years and eight months was "not expeditious." Id.
12 Consequently, the court remanded "with directions to grant the writ unless the government within 60
13 days of this order provides a hearing to [the alien] before an Immigration Judge with the power to
14 grant him bail unless the government establishes that he is a flight risk or will be a danger to the
15 community." Id.

16       In Casas-Castrillon, the Ninth Circuit directly extended this remedy (hereinafter referred to
17 as a "Tijani hearing") to detention under § 1226(a). See Casas-Castrillon, 2008 U.S. App. LEXIS
18 15966, at *26 (remanding with instructions to grant writ unless, within 60 days, government provides
19 Tijani hearing before an IJ or shows alien has already received Tijani hearing). The Ninth Circuit
20 explicitly noted that § 1226(a) authorizes the Attorney General to conduct a Tijani hearing after the
21 completion of an alien's administrative proceedings. See id. at * 22. In Prieto-Romero, furthermore,
22 the court implicitly authorized this remedy for detention under § 1226(a). The Prieto-Romero court
23 held that an alien held under § 1226(a) received "adequate procedural protections" where he received
24 two bond hearings during the pendency of his case before the IJ and BIA, and a third bond hearing
25 at the district court's direction. Prieto-Romero, 2008 U.S. App. LEXIS 15966, at *32-33 (noting that
26 IJ found alien eligible for bond at third hearing). The court therefore holds that it did not err in
27 ordering an individualized bond hearing conducted by an IJ.
28       Petitioner objects that the Ninth Circuit created this remedy "out of whole cloth" in Tijani.

1  (Mot. at 3.)  In his court-ordered brief regarding <u>Prieto-Romero</u> and <u>Casas-Castrillon</u>, Petitioner
2  essentially reiterates this position when he states that the Ninth Circuit "had to interpret the statutes
3  to provide for a hearing that was not clearly provided for in the governing statutes[.]" (Petr.'s Aug.
4  6, 2008, Supp. Br. at 3 (citing 8 C.F.R. §§ 236.1(d)(1), 1003.1(b)) ; <u>see also id.</u> ("there is no authority
5  <u>independent of an order</u> of this Court, and now of the Ninth Circuit, to hold post-order custody
6  reviews in immigration court[.]").)  This argument carries no weight.  Regardless of whether Petitioner
7  agrees with the Ninth Circuit's interpretation of the governing regulations and statutes, this court is
8  bound by the rulings of the Ninth Circuit.  As stated above, the Ninth Circuit has confirmed the power
9  of federal courts to order IJ-conducted bond hearings for aliens detained under § 1226(a).  The court
10 therefore rejects Petitioner's argument that the court ordered a remedy unauthorized by federal law.[2]

11 Petitioner also argues that the instant case differs materially from <u>Casas-Castrillon</u> because §
12 1226(c) did not provide the original basis for Petitioner's detention.  (Petr.'s Aug. 6, 2008, Supp. Br.
13 at 3-4.)  According to Petitioner, "it is unclear whether [<u>Casas-Castrillon</u>] reach[es] prolonged custody
14 for those who were not originally detained under the mandatory detention provisions." (<u>Id.</u>)  Petitioner
15 therefore urges the court to find that the court can order an IJ-conducted <u>Tijani</u> hearing to remedy
16 prolonged "mandatory to discretionary detention," but cannot order such a hearing to remedy
17 prolonged detention solely under § 1226(a).  Neither the statutes nor the cases support this narrow
18 reading.  Most importantly, the lynchpin of the Ninth Circuit's reasoning in <u>Casas-Castrillon</u> and
19 <u>Prieto-Romero</u> is the conclusion that, "[b]ecause the prolonged detention of an alien without an
20 individualized determination of his dangerousness or flight risk would be 'constitutionally doubtful,'
21 . . . § 1226(a) must be construed as <u>requiring</u> the Attorney General to provide the alien with such a
22 hearing." <u>Casas-Castrillon</u>, 2008 U.S. App. LEXIS 15966, at *22-23.  The original basis for detention
23 plays no significant role in this analysis.

24 Petitioner further contends that the court should distinguish <u>Prieto-Romero</u> and <u>Casas-</u>
25 <u>Castrillon</u> based on the procedural posture of the instant case.  (Petr.'s Aug. 6, 2008, Supp. Br. at 4.)

---

[2]Accordingly, the court also rejects Petitioner's argument that, even if authorized, referral to an IJ raises a variety of procedural complications. (<u>See</u> Mot. at 8-11.)  Because the Ninth Circuit has determined that Immigration Judges are capable of holding Tijani hearings, the court also rejects Petitioner's argument that federal judges or magistrate judges are better suited to conduct release hearings.  (<u>See</u> Mot. at 11-13.)

1  Here, he notes, the court ordered the <u>Tijani</u> hearing after partially granting the petition for habeas
2  corpus.  In <u>Prieto-Romero</u> and <u>Casas-Castrillon</u>, by contrast, the Ninth Circuit ordered or confirmed
3  the use of bail hearings "to avoid violation of the Due Process Clause." (Petr.'s Aug. 6, 2008, Supp.
4  Br. at 4.)  The court finds this distinction immaterial.  This court granted habeas relief only insofar as
5  the court found Petitioner entitled to "an opportunity to contest the necessity of his detention before
6  a neutral decision-maker[.]"  <u>Prieto-Romero</u>, 2008 U.S. App. LEXIS 15934, at *32.  Whether
7  construed as partial habeas relief or as an "adequate procedural protection[]" to avoid constitutionally-
8  troubling prolonged detention, <u>id.</u> at *32, the court agrees with Respondents: "the outcome is the
9  same." (Respondent's Aug. 11, 2008, Supp. Br. at 2.)

10  This conclusion highlights the importance of refining the May 14, 2008, Order to align this
11  case more fully with <u>Prieto-Romero</u> and <u>Casas-Castrillon</u>.  Accordingly, the court <u>sua sponte</u> modifies
12  the May 14, 2008, Order in the following two respects.  First, <u>Prieto-Romero</u> makes clear that
13  Petitioner's "continued detention, while lengthy, is not indefinite," and Petitioner "faces a significant
14  likelihood of removal in the reasonably foreseeable future[.]" <u>Prieto-Romero</u>, 2008 U.S. App. LEXIS
15  15934, at *30, *22.  Second, consistent with <u>Casas-Castrillon</u>, the order should be construed as a
16  conditional grant of habeas relief, such that the writ shall issue unless Respondents "provide Petitioner
17  a hearing within 60 days of the order before an Immigration Judge with the power to grant him bail
18  unless the government establishes that he is a flight risk or will be a danger to the community." (May
19  14, 2008, Order at 12.)  <u>See</u> <u>Casas-Castrillon</u>, 2008 U.S. App. LEXIS 15966, at *26; <u>Tijani</u>, 430 F.3d
20  at 1242).

21  In sum, the court finds that the applicable federal statutes, as construed by the Ninth Circuit
22  in <u>Prieto-Romero</u>, <u>Casas-Castrillon</u>, and <u>Tijani</u>, authorize the remedy ordered in the May 14, 2008,
23  Order and compel the two modifications described above.  The court therefore denies the motion to
24  amend, and <u>sua sponte</u> modifies the order as discussed herein.

25  **C.   Petitioner's Objection to the Bond Hearing**

26  Petitioner also objects to the adequacy of the bond hearing conducted by the IJ.  His
27  "arguments are not limited to the amount of the bond, but address the deficiencies in the entire process
28  by which the IJ reached his decision." (Petr.'s Aug. 6, 2008, Supp. Br. at 4.)  The hearing occurred

1  after Petitioner moved to amend.  Because Petitioner first raised this issue in his reply and
2  supplemental briefs, rather than as a basis for the original motion, the issue is not properly before the
3  court.  The court therefore declines to evaluate the merits of the bond hearing.  In so declining, the
4  court reaches no decision as to the proper procedure for challenging the IJ's decision.  The court
5  similarly does not resolve the dispute about whether Petitioner failed to exhaust his administrative
6  remedies, other than to hold that Rule 59(e) authorizes the court to undertake the analysis herein.

## III.    CONCLUSION

For the foregoing reasons, the court hereby **DENIES** the motion to amend and sua sponte **AMENDS** the May 14, 2008, Order, as described herein.

**IT IS SO ORDERED.**

DATED: August 22, 2008

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:          All parties